UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ERNIE SANDERS, | )<br>)<br>) |
| Petitioner, | ) No. 07 C 0871<br>) |
| v. | ) Judge John W. Darrah<br>) |
| YOLANDE JOHNSON, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Ernie Sanders, petitions for a writ of *habeas corpus* against the Pinckneyville Correctional Center Warden, Yolande Johnson, pursuant to 28 U.S.C. § 2254. Sanders' petition raises one ground for relief: violation of his Fourteenth Amendment right by penalizing him for exercising his right to appeal by substantially increasing his sentence upon his resentencing.

### BACKGROUND

The following summary of facts are drawn from the state court record, including materials submitted for purposes of appeal.

In 1994, Petitioner was indicted in the Circuit Court of Cook County with eight counts of aggravated criminal assault, twenty-four counts of criminal sexual assault, and twenty-two counts of aggravated criminal sexual abuse. Prior to trial, the State *nolle prossed* thirty-one of the counts; and Petitioner elected to have a bench trial on the remaining counts. All of the charges stemmed from allegations that the Petitioner, between December 1993 and March 17, 1994, sexually molested

his two stepdaughters, who were ages 12 and 9 at the time of the molestations. On August 9, 1996, Petitioner was found guilty of three counts of aggravated criminal sexual assault. Petitioner was subsequently sentenced to three consecutive 15-year sentences.

Petitioner appealed his conviction and sentence to the First District Illinois Appellate Court, raising several issues: (1) he was not proven guilty of an essential element of aggravated criminal sexual assault, (2) comments by the trial court expressing doubt about the motivation behind Petitioner's actions mandated the vacature of his aggravated criminal sexual abuse convictions, (3) he was denied a fair trial by the admission of certain testimony, (4) ineffective assistance of trial counsel for failing to object to the admission of certain evidence and testimony, and (5) the trial court erred in sentencing him to consecutive sentences. On June 30, 1998, the Appellate Court affirmed Petitioner's aggravated criminal sexual assault convictions, reversed his aggravated criminal sexual abuse convictions, and remanded the case for resentencing because the trial court erred by sentencing Petitioner to consecutive sentences without properly finding that the sentences were mandatory or that they were necessary to protect the public.

Upon remand, the trial court conducted a new sentencing hearing. At the new hearing, the State focused on the egregious nature of the crimes; and Petitioner focused on his lack of criminal history. The trial court found that Petitioner was a danger to the public, specifically, finding that Petitioner's crimes were "heinous and unbelievably degrading and harmful to the public and citizens of our community." However, the trial court resentenced Petitioner to twenty-five years' imprisonment on each count, to run concurrently. The Petitioner filed a motion to reconsider, which was denied by the trial court.

Petitioner appealed his new sentence to the Appellate Court. The Appellate Court reversed Petitioner's sentence and remanded the case for resentencing. The Appellate Court held that Petitioner's revised sentence violated 730 ILCS 5/5-8-1(c) because the trial court impermissibly increased the length of each sentence to twenty-five years.

Upon the second remand, a third sentencing hearing was held before a different trial judge. No new evidence was presented at the third sentencing hearing; instead, the parties stipulated to the testimony presented at the first sentencing hearing and presented argument in support of their positions. After hearing argument, the trial judge sentenced Petitioner to ten years' imprisonment on each count, to run consecutively. The trial judge specifically stated:

> I have had occasion to review the presentence investigation. I have had occasion to review the trial transcripts, the aggravation and mitigation at the sentencing hearing. Also had occasion to review both orders sent by the Appellate Court, and I don't think either party would argue with the fact that a consecutive sentence would be authorized . . . .
>
> So I think after reviewing this, consecutive sentencing would be authorized and I would be able to sentence him consecutively between six and fifteen years on each count, not going over the fifteen Judge Himel originally sentenced him to.
>
> It should be noted that in reviewing that aggravation and mitigation transcript, that in fact was dated the 26th day of April, 1999 . . . that there is no doubt in [Judge Himel's] mind that [Petitioner] was a danger to the public and should be sentenced as if he was a danger to the public. That he in fact made a finding that [Petitioner] is a danger to the public. And based on the nature and circumstances of the offense, in looking at the history and character of [Petitioner] . . . that [Petitioner] does in fact not have a lack of criminal background. This is one of the things to consider. To consider the history and character of [Petitioner], the nature and circumstances of the offense.
>
> In reviewing the transcript, [Judge Himel] finds [Petitioner's] conduct to be extremely egregious. That in fact he was in a position of trust

> to these children and that he took advantage of that. In looking at the age of the particular victim, the incident again, the nature and circumstances of the offense, not only does Judge Himel find him to be a danger to the public, I find him to be a danger to the public.

Petitioner filed a motion to reconsider, which was denied.

Petitioner appealed his third sentence to the Appellate Court, arguing that his sentence was impermissibly increased from the previous sentence of twenty-five years on three counts, concurrently, as punishment for exercising his right to appeal. Specifically, that the new sentence required him to serve a total of five more years than his sentence after the first remand.

The Appellate Court affirmed Petitioner's sentence. *Illinois v. Sanders*, 356 Ill. App. 3d 998 (2005) (*Sanders*). The Appellate Court found that the Petitioner's newest sentence did not violate 730 ILCS 5/5-8-1(c) and was distinguishable from several other Illinois cases in which a violation of 730 ILCS 5/5-8-1(c) was found (including *People v. Kilpatrick*, 167 Ill. 2d 439 (1995) (*Kilpatrick*), which was found to be of particular relevance). Specifically, the Appellate Court found that: "Since defendant was not originally sentenced to more than one sentence and then resentenced to a single longer sentence or resentenced to sentences of greater duration than were to run concurrently, these cases [and 730 ILCS 5/5-8-1(c)] do not aid this court." The Appellate Court also found Petitioner's argument unpersuasive because the Petitioner was computing his sentence by the total length of three sentences, thirty years, instead of computing the sentence for each conviction individually, ten years. Quoting *People v. Carney*, 196 Ill. 2d 518 (2001) (*Carney*), the Appellate Court further rejected Petitioner's argument because "each conviction results in a discrete sentence

that must be treated individually." Thus, Petitioner's individual sentence for each specific conviction was not increased but was decreased by fifteen years for each conviction from the previous sentence as to each count.

Petitioner's subsequent writs of *certiorari* to the Illinois and United States Supreme Courts were denied.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has modified the role of the federal court in reviewing state prisoner *habeas* applications to prevent "retrials" and to ensure that state-court convictions are given effect to the extent possible under the law. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000) (*Williams*). A federal court will not grant *habeas corpus* relief on any claim adjudicated on the merits by a state court unless the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding." 28 U.S.C. § 2254(d).

A writ of *habeas corpus* may issue under the "contrary to" clause if the state court applied a rule different from the governing law set forth in the United States Supreme Court's cases or if the state court decides a case differently than the United States Supreme Court has done on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06. The court may issue a writ under the "unreasonable application" clause if the state court correctly identifies the governing legal principle of the United States Supreme Court but unreasonably applies it to the facts of the particular case. *Williams*, 529 U.S. at 407-08. The focus on the latter inquiry is whether the state court's

application of clearly established federal law is objectively unreasonable; an unreasonable application is different than an incorrect application. *Williams*, 529 U.S. at 409-11. The burden falls on the petitioner to demonstrate that he is entitled to the relief sought. *See Woods v. Visciotti*, 537 U.S. 19, 25 (2002) (*Visciotti*). Furthermore, there is a presumption that the state court knows and follows the rules of federal constitutional law. *See Visciotti*, 537 U.S. at 24.

## ANALYSIS

Petitioner argues that the Illinois court applied the United State Supreme Court's ruling in *North Carolina v. Pearce*, 395 U.S. 711 (1969) (*Pearce*), in an unreasonable manner by restricting its application to single counts of his sentence. This unreasonable application resulted in Petitioner's impermissibly receiving a more severe sentence after his successful appeal, requiring him to serve a thirty-year sentence based on three consecutive ten-year terms, compared to serving a twenty-five-year sentence based on three concurrent twenty-five-year terms.

The Appellate Court found that Petitioner's sentence was not impermissibly increased after his successful appeal. Section 5-5-4(a) of the Illinois Compiled Statutes provides, in pertinent part:

> Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentence.

730 ILCS 5/5-5-4(a). As applied to Petitioner, Section 5-5-4(a) was not violated because he was not resentenced to a single-term longer sentence or to sentences of greater duration that were to run concurrently. *Sanders*, 356 Ill. App. 3d at 1004.

The Appellate Court found that Petitioner incorrectly calculated his sentence based on the total length of the three sentences instead of considering each sentence for each conviction, individually. Under Illinois law, consecutive sentences are not combined as though they are one sentence. Instead, each sentence under each count is considered by itself; and each conviction results in a discrete sentence that is treated individually. *See Carney*, 196 Ill. 2d at 529-34. As applied to Petitioner, his individual sentence for each specific conviction was not increased; therefore, the trial court did not impermissibly increase his sentence after his appeals. *Sanders*, 356 Ill. App. 3d at 1005.

The Appellate Court distinguished Petitioner's claim from several other cases in which a violation of Section 5-5-4(a) was found. For example, in *Kilpatrick*, the defendant was originally sentenced to six years' imprisonment for home invasion and nine years' imprisonment for attempted murder, to run consecutively. After granting the defendant's motion to reconsider his sentence, the defendant was resentenced to a single fifteen-year sentence for both offenses. Because consecutive sentences are not treated as a single sentence under Illinois law, the defendant's new sentence violated Section 5-5-4(a) because it increased the individual sentences from six and nine years' imprisonment to fifteen years' imprisonment. *Kilpatrick*, 167 Ill. 2d at 446.

In *Pearce*, the United States Supreme Court considered whether the United States Constitution limits the discretion of courts in resentencing criminal defendants after a successful appeal. The Court held that there was no constitutional bar in imposing a more severe sentence after the successful appeal. *See Pearce*, 395 U.S. at 723. However, "Due Process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 U.S. at 725. "To prevent actual

vindictiveness from entering into a decision . . . the Court fashioned what in essence is a 'prophylactic rule' that 'whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.'" *Wasman v. United States*, 468 U.S. 559, 564-65 (1984) (*Wasman*), *quoting Pearce*, 395 U.S. at 726. "This rule has been read to '[apply] a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence.'" *Wasman*, 468 U.S. at 565, *quoting United States v. Goodwin*, 457 U.S. 368, 374 (1982) (*Goodwin*).

However, as set forth in *Alabama v. Smith*, 490 U.S. 794, 799-800 (1989) (*Alabama*), the application of the *Pearce* presumption has been narrowed by subsequent Court precedent.

> While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial."
> *Texas v. McCullough*, 475 U.S., at 138, 106 S.Ct., at 979. As we explained in *Texas v. McCullough*, "the evil the [*Pearce*] Court sought to prevent was not the imposition of enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." *Ibid.* See also *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973) (the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against *vindictiveness* in the resentencing process"). Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus . . . . block a legitimate response to criminal conduct," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488, we have limited its application, like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],'" to circumstances "where its 'objectives are thought most efficaciously served,'" *Texas v. McCullough, supra*, 475 U.S., at 138, 106 S.Ct., at 979, *quoting Stone v. Powell*, 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 3046, 3049, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a "reasonable likelihood," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488,

> that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, *see Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

*See e.g., Alabama*, 490 U.S. at 801 (no presumption of vindictiveness when a greater sentence is imposed after trial than was imposed after a prior guilty plea); *Texas v. McCullough*, 475 U.S. 134, 138-40 (1986) (no presumption of vindictiveness when trial judge herself granted motion for new trial based on prosecutorial misconduct); *Chaffin v. Stynchcombe*, 412 U.S. 17, 24-29 (1973) (*Chaffin*) (no presumption of vindictiveness when more severe sentence is imposed by a different jury).

Petitioner argues that the Appellate Court incorrectly found that he had not received a greater sentence after his appeals. Furthermore, Petitioner argues that the *Pearce* presumption applies to the instant case because of the greater sentence after his appeals.

Whether the Appellate Court erred in determining that Petitioner's sentence had not been increased need not be determined because, even assuming that Petitioner's sentence is considered to have been increased, the Petition for Writ of *Habeas Corpus* still fails.

As discussed above, an increased sentence after an appeal or new trial does not *de facto* result in a presumption of vindictiveness. Instead, there must be a reasonable likelihood that the increase in sentence was the product of actual vindictiveness on the part of the sentencing judge. If no such reasonable likelihood exists, the defendant must prove actual vindictiveness. *See Alabama*, 490 U.S. 799-800.

The presumption of vindictiveness is "inapplicable [when] different sentencers assessed the varying sentences that" a defendant receives. *McCullough*, 475 U.S. at 140; *see also Chaffin*, 412

U.S. at 24-29 (no presumption of vindictiveness when more severe sentence is imposed by a different jury). Thus, the courts have found that there is no presumption of vindictiveness when the subsequent sentence is delivered by a different judge and the record indicates nonvindictive reasons supporting the sentence. *See United States v. Anderson*, 440 F.3d 1013, 1017 (8th Cir. 2006) (*Anderson*); *United States v. Newman*, 6 F.3d 623, 630 (9th Cir. 1993); *United States v. Cheek*, 3 F.3d 1057, 1064 (7th Cir. 1993); *Rock v. Zimmerman*, 959 F.2d 1237, 1257 (3rd Cir. 1992), *overruled on other grounds by Brecht v. Abrahamson*, 507 U.S. 619 (1993); *United States v. Perez*, 904 F.2d 142, 145-46 (2nd Cir. 1990); *Parmelee v. Carter*, 2006 WL 1525812 (W.D. Wash. June 1, 2006); *Osborn v. Shillinger*, 803 F. Supp. 371, 377 (D. Wy. 1992), *aff'd* 997 F.2d 1324 (10th Cir. 1993); *Cairns v. Virginia*, 20 Va. App. 271, 291 (2003); *Missouri v. Starr*, 998 S.W.2d 61, 70 (Mo. App. Ct. 1999); *Bush v. Mississippi*, 667 So. 2d 26, 29-30 (Miss. 1996); *Graham v. State*, 681 So. 2d 1178, 1178 (Fla. Dist. App. Ct. 1996); *State v. Robbins*, 123 Idaho 527, 531-32 (1993); *New Hampshire v. Hurlburt*, 135 N.H. 143, 147 (1991) (collectively, finding there was no presumption of vindictiveness when a different judge imposes subsequent harsher sentence). The lack of a presumption of vindictiveness "makes sense because the motivation to be vindictive arises when a judge with a personal stake in the prior proceedings is 'asked to do over what [he or she] thought [he or she] had already done correctly.'" *Anderson*, 440 F.3d at 1016, *quoting Colten v. Kentucky*, 407 U.S. 104 (1972). "The presumption is also inapplicable because different sentencers assessed the varying sentences.... In such circumstances, a sentence 'increase' cannot truly be said to have taken place." *McCullough*, 475 U.S. at 140.

In the instant case, the Petitioner received a different sentence than those issued by a different judge prior to Petitioner's successful appeals. As reflected in the above-quoted transcript of the

sentencing hearing, the new judge reviewed and considered all of the relevant facts and arguments and concluded that the Petitioner was a danger to the public and that three 10-year consecutive sentences were proper. The record, therefore, reflects a reasonable basis for the increased sentences and nothing to suggest a reasonable likelihood that it was the product of actual vindictiveness by the sentencing judge. Accordingly, the *Pearce* presumption of vindictiveness is not controlling. Petitioner has failed to present evidence of actual vindictiveness by the resentencing court. Accordingly, the petition is denied.

## CONCLUSION

For the reasons stated above, Sanders' Petition for Writ of *Habeas Corpus* is denied.

Dated: August 15, 2007

8-15-07

JOHN W. DARRAH
United States District Court Judge